## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

COMMONWEALTH OF VIRGINIA    )
                                     )
            Plaintiff,           )
                                     )
v.                                  )    Civil Action No. 3:18-CV-187–HEH
                                     )
CHRISTOPHER V. SMALLS,      )
                                     )
            Defendant.     )

## <u>MEMORANDUM OPINION</u>
### (Granting Defendant's Motion to Proceed *In Forma Pauperis* and Remanding Matter to State Court)

This matter is before the Court on Defendant Christopher V. Smalls's

("Defendant") Motion to Proceed *In Forma Pauperis*, filed on March 22, 2018. Upon

due consideration, the Court concludes that Defendant is unable to pay the required fees.

Therefore, Defendant's Motion to Proceed *In Forma Pauperis* is hereby GRANTED.

Defendant may proceed in this case without paying the Court's filing fee. The Clerk is

DIRECTED to file Defendant's Notice of Removal. (ECF No. 1-1.) For the reasons set

forth herein, however, the Court will remand the matter to state court.

### I. PROCEDURAL HISTORY

On February 23, 2018, the Circuit Court for the City of Newport News ("Circuit

Court") found Smalls in contempt for failure to pay child support and revoked the ten

months and five days remaining of his suspended sentence. (ECF No. 1-2.) The Circuit

Court re-suspended eight months and five days and granted Smalls a delayed report date

of May 23, 2018. On March 22, 2018, Smalls filed a document in this Court wherein he

petitioned to remove the above proceedings to this Court. (Notice of Removal 1.) As explained below, Smalls fails to demonstrate that removal is proper.

## II. REMOVAL OF CRIMINAL PROCEEDINGS

Removal of a criminal action is proper if a defendant meets the substantive requirements of 28 U.S.C. § 1443. That statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. The Supreme Court has stated that removal under 28 U.S.C. § 1443(2) "is available only to state officers." *Greenwood v. Peacock*, 384 U.S. 808, 824 n.22 (1966). Thus, Smalls must demonstrate that removal is appropriate under 28 U.S.C. § 1443(1).

A "[p]requisite to a removal of a pending criminal prosecution under 28 U.S.C.A. § 1443(1) is a showing that the defendant is being denied rights guaranteed under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *South Carolina v. Moore*, 447 F.2d 1067, 1070 (4th Cir. 1971) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)) (internal footnote omitted). Nevertheless, "'broad contentions of deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under § 1443(1).'" *Dugas v. Hanover Cnty. Circuit Court*,

3:08CV72, 2008 WL 4153765, at *3 (E.D. Va. Sept. 5, 2008) (quoting *New Mexico v.*

*Gutierrez*, 409 F. Supp. 2d 1346, 1349 (D.N.M. 2006). The Supreme Court has made

clear that allegations of the ilk advanced here by Smalls do not warrant removal.

*Greenwood*, 384 U.S. at 827–28.

> It is not enough to support removal under § 1443(1) to allege or show that
> the defendant's federal equal civil rights have been illegally and corruptly
> denied by state administrative officials in advance of trial, that the charges
> against the defendant are false, or that the defendant is unable to obtain a
> fair trial in a particular state court. The motives of the officers bringing
> charges may be corrupt, but that does not show that the state trial court will
> find the defendant guilty if he is innocent, or that in any other manner the
> defendant will be 'denied or cannot enforce in the courts' of the State any
> right under a federal law providing for equal civil rights.... Under §
> 1443(1), the vindication of the defendant's federal rights is left to the state
> courts *except in the rare situations where it can be clearly predicted by
> reason of the operation of a pervasive and explicit state or federal law that
> those rights will inevitably be denied by the very act of bringing the
> defendant to trial in the state court.*

*Id.* (emphasis added) (citing cases); *see South Carolina v. Grace*, 234 F. App'x 103, 104

(4th Cir. 2007).

Smalls does not identify any law of general application from which it can be

clearly predicted that he would not be able to enforce specified federal rights during his

state prosecution.[1] *Greenwood*, 384 U.S. at 828. Smalls's conclusory allegations are not

sufficient to make "an equally firm prediction that [he] would be 'denied or cannot

enforce' . . . specified federal rights in the state court.'" *Johnson v. Mississippi*, 421 U.S.

213, 219 (1975).

---

[1] For example, in *Georgia v. Rachel*, 384 U.S. 780 (1966), twenty African-American individuals were
prosecuted in state court for criminal trespass violations as a result of their attempts to obtain service at a
privately owned restaurant in Atlanta, Georgia. In contrast, federal law required such a restaurant to serve
persons of all races, thus immunizing the conduct for which they were being prosecuted.

3

The Supreme Court has noted that even "[i]f the [state court] decision was wrong, that [does] not make the judgment void, but merely [leaves] it open to reversal or modification in an appropriate and timely appellate proceeding." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).[2] Because Smalls "has failed to allege that his federal rights cannot be redressed at the appellate level in the [Virginia] judicial system[,] Section 1443(1) has thus not been satisfied." *Delavigne v. Delavigne*, 530 F.2d 598, 600 (4th Cir. 1976).[3]

## III. CONCLUSION

Smalls has failed to demonstrate that the requisite jurisdiction exists to allow him to remove his criminal case to this Court. This action is, in essence, an appeal of the Circuit Court's conviction sailing under the false flag of a constitutional claim. Sheared of rhetoric, the relief Smalls seeks is an order relieving him of his sentence. The matter will be remanded to the Circuit Court. *See Northrup v. North Carolina*, 461 F. App'x 211, 212 (4th Cir. 2012) (concluding "the proper disposition upon a determination of the lack of subject matter jurisdiction is to remand the case to the state court, rather than dismiss the action" (citing 28 U.S.C. §§ 1446(c)(3), (4), 1447(c); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005))).

---

[2] "The *Rooker-Feldman* doctrine . . . is confined to cases . . . brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[3] Additionally, Smalls was held in contempt for failure to pay child support. The Supreme Court has recognized a domestic relations exception since *Barber v. Barber*, 62 U.S. 582, 584 (1858) (stating that federal courts do not have the power to issue divorce, alimony, or child custody decrees).

An appropriate Order shall accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: Apr: l 25 2018
Richmond, Virginia